**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4836**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CHRISTINE N. HAMM, a/k/a Niki,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:08-cr-00250-1)

Submitted:  February 23, 2012      Decided:  February 27, 2012

Before MOTZ, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew J. Katz, THE KATZ WORKING FAMILIES LAW FIRM, LC, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Lisa G. Johnston, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christine N. Hamm pled guilty to conspiracy to commit interstate transportation of a stolen vehicle and was sentenced to twelve months and one day of imprisonment, to be followed by a thirty-six-month term of supervised release. The district court deferred her sentence to allow her to receive drug treatment. After her release from prison, her supervised release was modified twice, requiring her to reside at community corrections centers. The probation officer ultimately petitioned to revoke Hamm's supervised release. Hamm admitted she committed the alleged violations, and the district court sentenced her again to twelve months and one day of imprisonment, to be followed by an eighteen-month term of supervised release. She now appeals that sentence, arguing the district court failed to provide a statement of reasons for the chosen sentence and that the sentence is plainly unreasonable in light of the Guidelines range (three to nine months) and her personal circumstances. Finding no error, we affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "This

2

initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 439) (applying "plainly unreasonable" standard of review for probation revocation). Only if the sentence is procedurally or substantively unreasonable does the inquiry proceed to the second step of the analysis to determine whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range based upon Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40. A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

3

With these standards in mind, we have reviewed the record on appeal and conclude that the district court adequately explained its reasons for sentencing Hamm within the statutory maximum to one year and one day in prison, followed by an eighteen-month term of supervised release. Furthermore, we are not persuaded that the sentence imposed was unreasonable, let alone plainly unreasonable. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED